UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL CASE 7:15-46-ART-HAI

CHERYL MARTIN,  *Individually, and on behalf of*               PLAINTIFFS
*all others similarly situated*

&

ROBERT MARTIN, *Individually, and on behalf of*
*all others similarly situated*


VS.                **AMENDED CLASS ACTION COMPLAINT**


CAROLYN W. COLVIN, *in her official capacity as*               DEFENDANT
*Acting Commissioner of the Social Security Administration*
       Serve:  Office of the Regional Chief Counsel
               Region VIII
               Social Security Administration
               1961 Stout Street, Suite 4169
               Denver, CO 80294-4003

               Office of General Counsel
               Social Security Administration
               6401 Security Blvd
               Altmeyer Building, Room 617
               Baltimore, MD 21235-6401

               Kerry Harvey
               United States Attorney, Eastern District of Kentucky
               260 W. Vine St., Suite 300
               Lexington, KY 40507-1612


* * * * * * * * * * * * * * * * * * * *

Come now the Plaintiffs, CHERYL MARTIN & ROBERT MARTIN, individually, and on behalf of all others similarly situated, by and through undersigned counsel, and for their Amended Complaint against the Defendant, allege and affirmatively state as follows:

## INTRODUCTION

1. In May 2015, Plaintiffs Cheryl Martin and Robert Martin, as well as hundreds of other unsuspecting recipients of Social Security Disability benefits, were blindsided by the Social Security Administration's unilateral and previously unnoticed suspension of Social Security Disability benefits.

2. This unlawful and unconstitutional deprivation stemmed from the Social Security Administration's internal investigation of the actions of Stanville attorney Eric C. Conn, who allegedly engaged in fraudulent activity in connection with certain cases involving Social Security Disability.

3. To date, the Administration has taken no criminal action against Eric C. Conn, who received approximately $22 million in fees from the Administration during the relevant time frame. The Administration has, however, chosen to punish hundreds of individuals for whom there is no allegation of wrongdoing, by suspending disability benefits that are vital to their daily existence.

4. The sudden and drastic actions of the Administration, violated the core principles of Due Process and Equal Protection under the United States Constitution, as well as the Social Security Act and relevant regulations.

5. The Plaintiffs, both individually and on behalf of the hundreds of others individuals whose subsistence and health were adversely affected by the actions of the

Defendant, filed the present case seeking immediate injunctive relief from the Court, in order to prevent immediate and irreparable harm to the Plaintiffs, as well as a judgment declaring that the Defendant's actions were both unlawful and unconstitutional.

6. Following the filing of this suit, United State Representative Harold Rogers was able to convince the Administration to reverse course, after the disastrous impact of the Defendant's policy became apparent. The impact included at least two suicides.

7. The Administration has promised to reinstate benefits for the Plaintiffs, and has further indicated that hearings will be provided for all Plaintiffs herein. However, the Administration has yet to show that this new process comports with the constitutional provisions that it has previously disregarded, and the Plaintiffs seek a declaratory judgment from this Court regarding the constitutionality of the proposed process.

8. As the benefits have been reinstated pending the hearings, the Plaintiffs no longer seek declaratory relief regarding the suspension of benefits. Should the Defendant reverse course and again suspend the benefits, the Plaintiffs reserve the right to amend this Complaint as necessary.

9. As will be subsequently discussed in this Amended Complaint, the initial suspension of the benefits was reversed by the Defendant on June 5, 2015. Presently, the Defendants have announced they will commence with reevaluation hearings as to the estimated 900 Social Security Disability recipients, and an additional estimated 600 Social Security Insurance recipients. (See attached Press Release from U.S. Congressman Harold Rogers and U.S. Congressman Evin Jenkins).

10. The actions of the Defendants in sending out 1,500 letters to the former clients of Eric Conn is a de facto policy undertaken by the Defendants that violates their rights of due process, equal protection and their rights under the Americans with Disabilities Act. The policy enacted by the Defendants should be declared unconstitutional, and the Defendants should not be allowed to proceed with the institution of mass hearings without first certifying to the Court that there are proper constitutional safeguards.

**PARTIES**

11. Plaintiff Cheryl Martin is a United States citizen and is a resident of Floyd County, Kentucky, within this judicial district. Plaintiff Cheryl Martin is not related to Plaintiff Robert Martin.

12. Plaintiff Robert Martin is a United States citizen and is a resident of Floyd County, Kentucky, within this judicial district. Plaintiff Robert Martin is not related to Plaintiff Cheryl Martin.

13. Defendant Carolyn Colvin is the Acting Commissioner of the United States Social Security Administration.

**JURISDICTION & VENUE**

14. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, as this matter arises under the Constitution and laws of the United States.

15. Jurisdiction is also conferred on this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), as well as 28 U.S.C. § 1361.

16. This Court has personal jurisdiction over the Defendant.

17. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b) and 1391(e), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

18. Venue in this District is also appropriate pursuant to 42 U.S.C. § 405(g), as Plaintiffs Cheryl Martin and Robert Martin reside in this judicial district.

## FACTS RELATING TO PLAINTIFF CHERYL MARTIN

19. Plaintiff Cheryl Martin is 65 years old, and resides in the Harold area of Floyd County, Kentucky. The Affidavit of Plaintiff Cheryl Martin, setting forth the relevant facts, was attached to the original complaint.

20. Plaintiff Cheryl Martin retained Stanville (Floyd County) attorney Eric C. Conn to represent her in her claim for Social Security Disability (SSD) benefits.

21. Plaintiff Cheryl Martin was awarded SSD benefits on or about November 3, 2009, as a result of serious injuries she sustained in an automobile accident.

22. On or about May 22, 2015, she received a letter from the Social Security Administration suspending her benefits. The letter indicated that her benefits were suspended because "there was reason to believe fraud was involved in certain cases including evidence from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O." A redacted copy of the letter from the Social Security Administration was attached to the original complaint.

23. On or about May 22, 2015, Plaintiff Cheryl Martin also received a "Notice of Appeals Council Action", in which she was advised that Social Security was redetermining her disability case without evidence from Frederic Huffnagle, M.D. She was advised that she had

ten (10) days to submit additional evidence to the Appeals Council, after which her case would be remanded to an Administrative Law Judge to await a new hearing, during which time she would receive no Social Security Disability payments. A redacted copy of the Notice of Appeals Council Action sent to Plaintiff Cheryl Martin was attached to the original complaint filed in this action.

24. Prior to receiving her disability benefits, Plaintiff Cheryl Martin had worked for approximately 40 years.

25. Until now, Plaintiff Cheryl Martin had been receiving approximately $1,100.00 per month in Social Security Disability benefits.

26. Plaintiff Cheryl Martin was diagnosed with lung cancer after she began receiving her benefits. She currently has fourth-stage cancer, which has metastasized to her lymph nodes, and she has been advised that her prognosis is poor, with approximately a five percent chance of surviving her cancerous condition.

27. In order to combat her cancer, Plaintiff Cheryl Martin is prescribed approximately 22 medications, the monthly out-of-pocket expenses for which exceed $600.00.

28. Plaintiff Cheryl Martin does not believe that she can afford her necessary medications without the $1,100.00 per month that she is receiving from Social Security Disability.

## FACTS RELATING TO PLAINTIFF ROBERT MARTIN

29. Plaintiff Robert Martin is 51 years old, and resides in the Wayland area of Floyd County, Kentucky. The Affidavit of Plaintiff Robert Martin, setting forth the relevant facts, was attached to the original complaint.

30. Plaintiff Robert Martin retained Stanville (Floyd County) attorney Eric C. Conn to represent him in his claim for Social Security Disability (SSD) benefits.

31. Plaintiff Robert Martin was awarded SSD benefits on or about June 11, 2009, as a result of serious injuries he sustained in an automobile accident.

32. On or about May 19, 2015, he received a letter from the Social Security Administration suspending his benefits. The letter indicated that his benefits were suspended because "there was reason to believe fraud was involved in certain cases including evidence from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O." A redacted copy of the letter from the Social Security Administration was attached to the original complaint. .

33. On or about May 22, 2015, Plaintiff Robert Martin also received a "Notice of Appeals Council Action", in which he was advised that Social Security was redetermining his disability case without evidence from Frederic Huffnagle, M.D. He was advised that he had ten (10) days to submit additional evidence to the Appeals Council, after which his case would be remanded to an Administrative Law Judge to await a new hearing, during which time he would receive no Social Security Disability payments. A redacted copy of the Notice of Appeals Council Action sent to Plaintiff Robert Martin was attached to the initial Complaint filed in this action.

34. Until now, Plaintiff Robert Martin had been receiving approximately $1,400.00 per month in Social Security Disability benefits.

35. Plaintiff Robert Martin was diagnosed with colon cancer after he began receiving his benefits. He had a portion of his colon removed, and has also been diagnosed with a tumor in his right lung.

36. Plaintiff Robert Martin is on Medicare, and has been advised that the suspension of his benefits may cause him to lose his medical coverage.

37. Plaintiff Robert Martin relies upon Social Security Disability funds to pay for his out of pocket medical expenses.

38. Plaintiff Robert Martin does not have any source of income other than his benefits. Given his dire economic situation, if his benefits are suspended Plaintiff Robert Martin believes that he will become homeless, as he cannot afford his home payment without his benefits.

39. Due to the severity of his medical condition, the immediate loss of benefits and inability to pay for his medications will create an imminent threat that his condition will worsen, or that he could potentially succumb to his illness.

40. Due to the severity of his medical and economic conditions, the Plaintiff cannot go without his medications for an indeterminate period of time waiting for a hearing to be scheduled by the Social Security Administration.

## **CLASS ALLEGATIONS**

41. The Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of themselves and the following Class:

> All persons, formerly clients of Eric C. Conn, who were receiving Social Security Disability (SSD) benefits during or prior to May 2015, by the Social Security

8

Administration based on the fact that evidence was provided during the persons' original disability cases by one or all of the following medical witnesses: Bradley Adkins, Ph.D; Srinivas Ammisetty, M.D.; Frederic Huffnagle, M.D.; David Herr, D.O.

42. **Numerosity**: On information and belief, between 800 and 1500 people fall into the definition of the Class as set forth *supra*. The precise number of members of the Class can be readily identified through access to records maintained by the Defendant's agency.

43. **Adequate Representation:** The Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs' claims are representative of the claims of the other members of the Class. Namely, Plaintiffs and each member of the Class may have their benefits suspended by the Defendant, based on the fact that evidence was provided during their original disability case by one or more of four enumerated medical witnesses. Neither the Plaintiffs nor counsel have any interests antagonistic to those of the Class; Defendant has no defenses unique to the Plaintiffs. Plaintiffs and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

44. **Typicality:** Plaintiffs' claims are typical of the other members of the Class, in that Plaintiffs and all other members of the Class are threatened with loss of benefits based on medical evidence that was presented during their original disability cases by one or more of the four enumerated medical witnesses.

45. **Commonality and Predominance:** The questions of law and fact involved in this case are common to the named Plaintiffs and the other Class members, and those questions

9

predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. What evidence of fraud did the Defendant rely upon to determine that fraud was involved in "certain cases" involving the four enumerated medical witnesses?

    b. What criteria did the Defendant rely upon in choosing the members of the Class as being the "certain cases" in which fraud allegedly occurred?

    c. Did the Defendant follow all applicable laws and regulations in the investigation and determination that the Class members' benefits should be suspended?

    d. Whether the form suspension letters sent to the Class members contained all the information required by law and regulation?

    e. Whether the Defendant violated the Due Process Clause of the United States Constitution in suspending the Class members' benefits without a pre-suspension hearing?

    f. Whether the Defendant violated the Due Process Clause of the United States Constitution in only giving the Class members thirty (30) days to gather and submit evidence to the Appeals Council?

    g. Whether the Defendant violated the Equal Protection Clause of the United States Constitution in suspending the Class members' benefits?

    h. Whether the Defendants have a legal basis to proceed with approximately 1500 hearings under the bizarre and unusual circumstances presented in this case?

      i. Whether the Class Members rights under the due process clause, equal protection clause, and relevant Social Security regulations and their rights under the American with Disabilities Act will be protected if the Defendants proceed to schedule hearing for the Class Members?

## FACTUAL DEVELOPMENTS SUBSEQUENT TO FILING OF ORIGINAL COMPLAINT

46. Following the announced reversal of the suspension of disability benefits, the Defendants gave notice that the Class Members would have 30 days to submit medical evidence (See filing of Defendant R. 8).

47. The Plaintiffs allege that the prospect of scheduling 1500 individuals for review of their previously granted disability benefits is violative of the Plaintiffs rights as previously described in this Amended Complaint. In support of this, the Plaintiffs allege as follows:

    a. Under current Social Security regulations there would likely be no entitlement to attorney fees. Hence, there exists a representation crisis of immense proportions. The Plaintiffs former counsel (Eric C. Conn) according to published reports has refused to represent any of his former clients, and has been uncooperative with his former clients. In an adversarial evidentiary hearing held on June 4, 2015, in Floyd Circuit Court (<u>Martin, et al vs. Conn, et al</u>) 15-CI-00393, involving Eric C. Conn as a defendant, there was unchallenged sworn testimony that there was massive destruction of the Plaintiffs files and medical records. Former employees of the Conn Law Office (Jamie Slone and Melinda Martin Hicks) testified as to a four day bonfire/burning of files once Eric C. Conn realized he was under investigation by the Defendants. There was also unchallenged testimony that there was destruction of computer evidence. Significantly,

11

the testimony indicated that the destruction of evidence was likely the very same evidence that the Plaintiffs have 30 days to submit.

b. There is also substantial number of Class Members including Plaintiff Robert Martin that they have been subject to reevaluation reviews by the Defendant. These reevaluation reviews known as "CRR" occurred after the alleged fraudulent activities of Eric C. Conn and the four doctors referenced in the suspension of benefits and Class Members received in May of 2015.

48. The Defendant has not alleged any wrongdoing by the Plaintiffs.

49. Plaintiffs expressly reserve the right to revise the foregoing "Class Allegations" and "Class Definition" based on information obtained during additional investigation and discovery.

## COUNT I

### DECLARATORY JUDGMENT ACT 28 U.S.C. §§2201-2202

50. The foregoing paragraphs are incorporated herein by reference.

51. The allegations set forth herein on behalf of the Plaintiffs, both individually and on behalf of the Class, present actual controversies pursuant to Article III of the United States Constitution.

52. The actual controversies set forth herein are ripe for adjudication.

53. The Plaintiffs, both individually and on behalf of the Class, have legally cognizable interests in the outcome of the case and are entitled to relief herein.

54. As set forth herein, the Plaintiffs, both individually and on behalf of the class, seek a declaratory judgment from this Court that the Defendant's actions violated: (i) the Social Security Act and regulations promulgated thereunder; (ii) the Due Process Clause of the United States Constitution; and (iii) the Equal Protection Clause of the United States Constitution, and their respective rights under the Americans with Disabilities Act.

55. The following paragraphs set forth the essence of the Plaintiffs' claims, and the Plaintiffs reserve the right to amend as necessary.

### Social Security Act & Regulations Promulgated Thereunder
42 U.S.C. § 301 *et seq*

56. The foregoing paragraphs are incorporated herein by reference.

57. The Plaintiffs, both individually and on behalf of the Class, seek a declaratory judgment from this Court that the Defendant's actions described herein violated the Social Security Act and relevant regulations promulgated thereunder.

58. Pursuant to 42 U.S.C. 405(u), the Social Security Commissioner shall only redetermine a case "if there is a reason to believe that fraud or other fault was involved in the application."

59. There is no evidence that Plaintiffs knew about, or participated in any alleged fraud, and yet Social Security has taken the draconian step of suspending their benefits, potentially for a year or more while awaiting a new ALJ hearing, without providing any opportunity to rebut that the medical evidence in their record is fraudulent and inaccurate.

60. Defendant has acted by removing medical evidence from Plaintiffs' records and placing the extremely difficult burden of obtaining new medical evidence based on the time of

the original disability finding within thirty days or have their cases remanded for an ALJ hearing, during which time they will receive no benefits.

61. As such, Defendant is proposing to make a new decision based on evidence not in the record, and pursuant to 20 C.F.R. 404.992, Defendant is therefore required to provide Plaintiffs with notice of the proposed action and right to a hearing before further action is taken.

62. Defendant is taking the position that Plaintiffs' disability claims were decided in error and in effect their eligibility "does not exist" within the meaning of 42 U.S.C. § 423. Therefore, in accordance with that provision, Plaintiffs are entitled to continue receiving benefits until such time that their claims are properly redetermined, and that the Defendant should not be entitled to commence with hearings until proper safeguards are in place.

### Due Process Clause of the United States Constitution

63. The foregoing paragraphs are incorporated herein by reference.

64. The Plaintiffs, both individually and on behalf of the Class, seek a declaratory judgment from this Court that the Defendant's actions described herein violated the Due Process Clause of the United States Constitution.

65. Plaintiffs' claims for Social Security Disability benefits are based on payments Plaintiffs made over the course of their working lives. Plaintiffs therefore have a property interest in these benefits that are protected by the Fifth Amendment to the United States Constitution.

66. At a minimum, Due Process requires that Plaintiffs be afforded adequate notice and an opportunity to be heard before being deprived of their protected interest.

67. Although Plaintiffs eligibility for SSD benefits is not initially based on financial need, the immediate suspension of these benefits will deprived them of the necessities of life.

68. For the named Plaintiffs here, and for many other SSD recipients, these benefits are often their only source of income, and typically provide a standard of living below the federal poverty line.

69. For the Defendants to commence with hearings at the present juncture, would violate the due process rights of the Plaintiffs given the representational crisis and lack of time to gather necessary evidence to insure fair hearings, as described elsewhere in this amended complaint.

70. Defendant has also violated Plaintiffs due process rights by failing to follow the Social Security Act and regulations promulgated thereunder as outlined above.

71. Plaintiffs allege that the SSA has acted arbitrarily and disregarded the requirements of its own statute, by taking negative action as a matter of policy against a class of applicants who were represented by attorney Eric C. Conn or who were examined by one of the four named physicians, subjecting the entire class to redetermination of eligibility, without any further reason to believe that fraud or similar fault was involved in each recipient's individual application; all in violation of Sec. 205(u)(1)(A) and related provisions of the Social Security Act, which requires such individual examination and reason to believe; and that such arbitrary policy violates their rights to due process under the federal constitution.

**Equal Protection Clause of the United States Constitution**

72. The foregoing paragraphs are incorporated herein by reference.

73. The Plaintiffs, both individually and on behalf of the Class, seek a declaratory judgment from this Court that the Defendant's actions described herein violated the Equal Protection Clause of the United States Constitution.

74. The Plaintiffs are all members of a class of persons receiving Social Security Disability benefits.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of the Class defined above, pray for the following relief:

1. To certify this case as a class action on behalf of the Class defined above, to appoint Cheryl Martin and Robert Martin as class representatives, and to appoint undersigned counsel as class counsel;

2. For a declaratory judgment that the Defendants' actions violate the Constitution and laws of the United States, as set forth herein;

3. To grant injunctive relief that is necessary to protect the interests of the Plaintiffs and the Class, including, inter alia, an order prohibiting the Defendant from holding any hearing until they can certify to the Court that procedural due process and Constitutional safeguards are in place to protect the rights of the Plaintiffs and Class Members.

4. To award Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees

5. Any and all other relief to which the Plaintiffs may be entitled.

Respectfully Submitted this 15th day of June, 2015

*/s/ Ned Pillersdorf*
Pillersdorf, DeRossett & Lane
124 West Court St.
Prestonsburg, KY 41653
Office: 606.886.6090
pillersn@bellsouth.net

*/s/ Anne Marie Regan (w/permission)*
Kentucky Equal Justice Center
455 South Fourth St, Suite 1071
Louisville, KY 40202
Office: 502.333.6012
amregan@kyequaljustice.org

/s/ Noah Friend
P.O. Box 610
Pikeville, Kentucky 41502
Ph: (606) 369-7030
noah@friendlawfirm.com

17