No. 16-5527

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHERYL MARTIN, et al. | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | FILED |
| | ) | Jan 16, 2018 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| CAROLYN COLVIN, | ) | ORDER |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.**

The question presented in this appeal is whether appellants Robert Martin and Cheryl Martin can properly challenge procedures used by the Social Security Administration to redetermine entitlement to benefits under 42 U.S.C. § 405(u) in this putative class action before exhausting their administrative remedies. The district court in this case answered in the negative.

Prior to the filing of briefs on appeal, Robert Martin exhausted his administrative proceedings and filed a new action in the district court challenging the agency's decision. On December 30, 2016, Cheryl Martin also exhausted her administrative remedies and received a final decision on her entitlement to benefits. As both plaintiffs have now exhausted their administrative remedies, neither has a "legally cognizable interest in the outcome" of the case, and the case is therefore moot. *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see Rose v. Berryhill*, 694 F. App'x 190 (4th Cir. 2017) (per curiam) (dismissing a class action challenging the Social Security Administration's procedures for redetermining disability as moot because the named plaintiffs

No. 16-5527
*Martin v. Colvin*

-2-

had subsequently exhausted their administrative remedies). Plaintiffs have not shown that the capable-of-repetition-yet-evading-review exception applies. "When a case becomes moot on appeal, as this one did, 'the established practice . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 716 (6th Cir. 2011) (quoting *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484–85 (6th Cir. 2004)). We therefore dismiss this appeal for lack of jurisdiction and vacate the judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk